## 11109

### BRUNSON *ET AL.* v. HAMILTON RIDGE LUMBER CO.

#### (115 S. E., 624) ·

1. Continuance—Refusal of Continuance Because of Withdrawal of Counsel Not an Abuse of Discretion.—Where defendant's counsel in open Court stated that he had notified his client that he would not represent him at the trial unless he was paid for his services, and thereupon withdrew from the case, and shortly before the trial defendant sought to procure a continuance which was refused by the trial Judge, who also refused to permit a substitution of attorneys until counsel was paid, such action constituted no abuse of discretion under Rule 7 of the Circuit Court, on the ground that defendant had been refused the right to be represented by counsel.

2. Appeal and Error—Admission of Testimony Not Objected to Held Not Reversible Error.—An assignment of error as to admission of testimony not objected to does not disclose reversible error.

3. Judgment—Judgment Allowing Both Profits and Expenses Under Logging Contract Held Cumulative.—In a suit on a contract for cutting and loading timber, where plaintiffs alleged that they were to pay the expense out of their profits, a recovery of both profits and expenses was erroneous as cumulative.

Before Memminger, J., Hampton, February, 1922. Affirmed on condition.

Action by J. K. Brunson and W. A. Waring, partners as Brunson & Waring, against The Hamilton Ridge Lumber Corporation. Judgment for plaintiff and defendant appeals.

*Mr. T. Hagood Gooding,* for appellant, cites: *Abuse of discretion to refuse defendant counsel and not to allow a continuance:* 50 S. C., 403. *Attorney should give reasonable notice of withdrawal:* 2 R. C. L., 958–9.

*Messrs. George Warren* and *Hugh O. Hanna,* for respondents, cite: *Defendant on notice to pay attorney and failing to do so trial must proceed:* 19 S. C., 85. *Client may change attorneys, but must pay charges:* 117 N. Y. S., 151; 166 N. Y. S., 1080; 45 N. Y. Supt. Ct., 631; 149 N. Y. S., 495; 50 Fed., 517; 7 Ct. Cl., 499. *Matter left to discretion of Court:* Code Proc. 1912, Sec. 138; 100 S. C., 458; 98 S. C., 136; 113 S. E., 467. *Jury must decide whether contract did exist:* 59 S. C., 314. *Measure of damages:* 18 N. W., 408; 51 S. C., 143; 1 So., 780; 16 N. W., 232. *Minimizing damages:* 13 Cyc., 73; 40 Ill. App., 222; 134 Fed., 168; 67 C. C. A., 74; 90 S. C., 507. *Entitled to recover for teams and labor and loss of profits:* 15 S. W., 1000; 20 S. W., 474; 3 Cal., 257; 72 S. C., 392.

January 18, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

The record shows:

"This action was commenced in the Court of Common Pleas for Hampton County, and the plaintiffs, by their original complaint, demanded judgment against the defendants for the sum of $5,920.50. The action was commenced in January, 1921. In January, 1922, the complaint was amended under an order of the Court allowing same in certain particulars as will hereafter appear, so as to increase the demand against the defendant to the sum of $9,178.40. Before the call of the case, Mrs. Mary M. Waring, as administratrix of the estate of M. A. Waring, deceased, was substituted, by order of the Court, party plaintiff in the place and stead of M. A. Waring, deceased.

"The defendants answered to both complaints, denying practically every allegation therein. It was admitted that Hamilton Ridge Lumber Corporation was a corporation, and doing business as alleged, and admitted that it (the defendant) purchased from William Gifford certain timber. The other allegations were denied.

"The case was called for trial in its proper order on the roster for the February term, 1922, of the Court of Common Pleas for Hampton County. Randolph Murdaugh, Esq., who appeared as counsel of record for defendant, announced to the Court that he had written the defendant three weeks before the date of trial informing defendant that the case would be for trial on the date set for it, and informed it of the date set, and that he would not represent them in the case unless his fees for former services and his fees in this case were by date of trial paid; that, not hearing from defendant, he desired to be excused by the Court as counsel for defendant, and a statement of exoneration placed in the record. Mr. Gooding, who now appears for defendant, thereupon stated to the Court that Mr. Paschall, president of the defendant corporation, had wired him to attempt to get a postponement of the case, and a telegram was presented stating that Mr. Paschall was ill in Savannah, Ga.,

and unable to attend Court at this time. Mr. Gooding further stated that he had not accepted employment as counsel in the case, and would not accept employment until Mr. Murdaugh received settlement from defendant, or sufficient assurance of payment was made. Mr. Murdaugh had stated in open Court that he had no objection, and would gladly surrender the files in the case to such counsel. Mr. Gooding desired to make a motion for continuance, as requested by the telegram, which motion was refused. Thereupon the case was ordered to trial by the presiding Judge, and the jury rendered a verdict in favor of the plaintiff and against the defendant in the sum of $8,403.36."

"Mr. Gooding, after the trial of the case, and during the term, having been assured by Mr. Paschall that Mr. Murdaugh would be paid in full for his services, was employed by Hamilton Ridge Lumber Corporation, and then attempted to procure an order of substitution of attorneys, Mr. Murdaugh consenting, but the presiding Judge refused to sign an order of substitution, stating that he would not do so until the attorney of record had been paid. The February term of Court for Hampton County adjourned a few days afterward, and before the conditions imposed by the Circuit Judge had been carried out. An order of substitution was thereafter granted at Ridgeland, the Court next succeeding the Hampton Court in the Fourteenth Circuit. Defendants thereupon gave notice of intention to appeal to the Supreme Court of this State, which appeal has been perfected."

I. The first assignment of error is in refusing the defendant the right to be allowed to be represented by counsel. This assignment of error cannot be sustained. It was within the discretion of the Circuit Judge, under Rule VII of the Circuit Court, and we see no abuse of discretion. It is true the notice of withdrawal was conditional, but the condition was dependent upon the action of the appellant, and it knew what it would do. There was

29—S. C.—122

no suggestion that the attorneys' fees were unreasonable. There was no suggestion that the appellant could not pay the fees. From the record it appears that the appellant willfully made the situation in which it would be without counsel, and then demanded that its case should be continued. Appellant's attorney admitted at the hearing that the only thing he could do was to move for a continuance. If a party to an action can force a continuance by the willful discharge of his attorney just before the time for trial, and then secure a continuance, there would be no way in which the trial of a case can be forced.

II. The next assignment of error is that there was no evidence to support a judgment against the appellant. There was evidence, and this assignment of error cannot be sustained.

III. The next is that there was no evidence upon which to found a verdict as to uncut timber. There was evidence that there was a contract to cut this timber, and the appellant prevented the cutting.

IV. The next is as to the introduction of evidence. The testimony was not objected to, and it was the fault of the appellant that it was not in a position to object.

V. The last to be considered is that the verdict was cumulative. This assignment of error must be sustained. The statement of account upon which the verdict and judgment was based is:

Statement introduced in evidence as Exhibit G, as follows:

| | |
|---|---:|
| Overpaid purchase price | $ 224.52 |
| Lumber at Estill unpaid for | 623.90 |
| 27,021 feet at Gifford at $23.00 per M, less $2.00 for the loading, is $621.48, less $34.04 | 587.44 |
| 250,000 feet standing at $15.00 per M | 3,750.00 |
| Lost by mules, profit and feed | 2,880.00 |
| Lost by salary and damages to J. K. Brunson | 337.50 |
| | $8,403.36 |

The complaint alleged:

"That the plaintiffs, at their own cost and expense, were to cut and load the said timber on board cars on the Seaboard Air Line Railway at Gifford, S. C., and ship the same to the said defendant at the said Town of Estill, S. C."

The plaintiffs allege that they were to pay the expenses, presumably out of their profits. The plaintiffs allege that they were to pay the expenses, and, as there was no evidence to the contrary, they cannot recover both profits and expenses.

The judgment of this Court is that, if the plaintiffs will remit on the record of the judgment (within 10 days after it has received notice of the filing of the remittittur herein) the sum of $3,217.50, as:

Lost by mules, profits and feed............................$2,880.00
And lost by salary and damages to J. K. Brunson... 337.50

Total ...........................$3,217.50

—then the judgment appealed from as reduced is affirmed. Otherwise, new trial is granted.

Mr. Chief Justice Gary did not sit.